**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0030 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 25, 26] |
| GUSTAVO AGUILAR, | |
| Defendant. | |

Before the Court is a proposed order and declaration in support of a subpoena to produce documents pursuant to Federal Rule of Criminal Procedure 17(c) [Docket Nos. 25, 26]. For the reasons that follow, the Court is not prepared to sign the proposed order at this time.

## BACKGROUND

On May 15, 2007, defendant Aguilar filed a proposed order for the issuance of a Rule 17(c) subpoena. It was not accompanied by a motion or any other documentation. On June 6, 2007, Aguilar submitted a declaration in support of a subpoena for documents. The proposed subpoena demands all telephone records related to telephone numbers (925) 864-5803 and (925) 777-1013 for the period between June 2006 and December 2006, from Sprint Spectrum Carrier.

Aguilar is charged with felony drug possession. A trial setting/motion setting hearing is currently set for June 15, 2007, at 2 PM.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 17(c) states that "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Local Criminal Rule 17-2(a)(1) provides that:

> An order permitting issuance of a Rule 17(c) subpoena may be obtained by filing either a noticed motion pursuant to Crim. L.R. 47-2 or, for good cause, an *ex parte* motion

without advance notice to the opposing party.  An *ex parte* motion and order thereon may be filed under seal for good cause.  A party requesting a subpoena must support its request by a declaration specifying the facts supporting the issuance of the subpoena along with a proposed order.

## ANALYSIS

Aguilar has not filed a noticed motion or an *ex parte* motion.  Moreover, Aguilar offers no explanation why he is requesting the telephone records.  Aguilar does not indicate who the telephone numbers belong to.  Nor does Aguilar put forward anything to suggest what relevance the telephone records may have or whether they might be admissible into evidence.  The party requesting the issuance of a subpoena *duces tecum* must show:

> (1) that the documents [or other materials] are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

## CONCLUSION

The Court is not in a position to grant the requested subpoena until such time as the defendant satisfied the above requirements.

IT IS SO ORDERED.

June 12, 2007

                                              Saundra Brown Armstrong
                                              United States District Judge